IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

*FILED*

*APR 29 2019*

*U.S. DISTRICT COURT-WVND*
*WHEELING, WV 26003*

| | |
|---|---|
| PFIZER INC., WARNER-LAMBERT COMPANY LLC, PF PRISM C.V., PFIZER MANUFACTURING HOLDINGS LLC, and PFIZER PFE IRELAND PHARMACEUTICALS HOLDING 1 B.V.<br><br>*Plaintiffs,*<br><br>v.<br><br>MYLAN PHARMACEUTICALS INC. and MYLAN INC.<br>*Defendants.* | C.A. No. 1:19 cv 97<br><br>Judge Klech |

**COMPLAINT**

Pfizer Inc., Warner-Lambert Company LLC, PF PRISM C.V., Pfizer Manufacturing

Holdings LLC, and Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V. (collectively "Pfizer") file

this Complaint for patent infringement against Mylan Pharmaceuticals Inc. and Mylan Inc.

(collectively, "Mylan"), and by their attorneys, hereby allege as follows:

1.      This is an action for patent infringement under the patent laws of the United States,

Title 35, United States Code, and for a declaratory judgment of patent infringement under 28

U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code,

that arises out of Mylan's submission of an Abbreviated New Drug Applications ("ANDA") to

the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture,

use, offer for sale, sell, and/or import generic versions of IBRANCE® (Palbociclib) capsules, 75

mg, 100 mg, and 125 mg, prior to the expiration of U.S. Patent No. 6,936,612 ("the '612 patent");

1

U.S. Patent No. 7,208,489 ("the '489 patent"); and U.S. Patent No. 7,456,168 ("the '168 patent"). These three patents are referred to collectively herein as "the patents-in-suit."

2.      Mylan Pharmaceuticals Inc. notified Pfizer by letter dated March 18, 2019 ("Mylan Notice Letter") that it had submitted to the FDA ANDA No. 213141 ("Mylan's ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of generic Palbociclib capsules, 75mg, 100 mg, and 125 mg ("Mylan's ANDA Product") prior to the expiration of the patents-in-suit.

## PARTIES

3.      Plaintiff Pfizer Inc. is a corporation organized and existing under the laws of the State of Delaware and having a place of business at 235 East 42nd Street, New York, New York 10017. Pfizer Inc. is the holder of New Drug Application ("NDA") No. 207103 for the manufacture and sale of palbociclib tablets, 75 mg, 100 mg and 125 mg, which has been approved by the FDA.

4.      Plaintiff Warner-Lambert Company LLC is a limited liability company organized and existing under the laws of the State of Delaware, and having a place of business at 235 East 42nd Street, New York, New York 10017.

5.      Plaintiff PF PRISM C.V. is a limited partnership (*commanditaire vennootschap*) organized under the laws of the Netherlands, having its registered seat in Rotterdam, the Netherlands, that for all purposes is represented by and acting through its general partner Pfizer Manufacturing Holdings LLC, a limited liability company organized under the laws of the State of Delaware, and having its address at 235 East 42nd Street, New York, New York 10017.

2

6.      Plaintiff Pfizer PFE Ireland Pharmaceuticals Holding 1 B.V. is a private limited liability company (*besloten vennootschap*) organized under the laws of the Netherlands, having its registered seat in Rotterdam, the Netherlands, having its business address at Rivium Westlaan 142, 2909 LD, Capelle aan den IJssel, the Netherlands.

7.      Upon information and belief, defendant Mylan Inc. is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business at 1000 Mylan Blvd., Canonsburg, Pennsylvania 15317. Upon information and belief, Mylan Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs through various operating subsidiaries, including Mylan Pharmaceuticals Inc.

8.      Upon information and belief, defendant Mylan Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of West Virginia with its principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505. Upon information and belief, Mylan Pharmaceuticals Inc. is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

9.      Upon information and belief, Mylan Pharmaceuticals Inc. is a wholly owned subsidiary of Mylan Inc. Mylan Pharmaceuticals Inc. and Mylan Inc. are collectively referred to herein as "Mylan."

10.     Upon information and belief, Mylan Inc. and Mylan Pharmaceuticals Inc. acted in concert to prepare and submit Mylan's ANDA to the FDA.

3

11. Upon information and belief, following any FDA approval of Mylan's ANDA, Mylan Inc. and Mylan Pharmaceutical Inc. will act in concert to distribute and sell Mylan's ANDA Product throughout the United States, including within West Virginia.

## JURISDICTION

12. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 and 2202.

13. Mylan Pharmaceuticals Inc. is subject to personal jurisdiction in West Virginia because, among other things, it has purposely availed itself of the benefits and protections of West Virginia's laws such that it should reasonably anticipate being haled into court here. Mylan Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of West Virginia, is qualified to do business in West Virginia, and has appointed a registered agent for service of process in West Virginia. It therefore has consented to general jurisdiction in West Virginia. Upon information and belief, Mylan Pharmaceuticals Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of West Virginia and therefore transacts business within the State of West Virginia related to Pfizer's claims, and/or has engaged in systematic and continuous business contacts within the State of West Virginia.

14. Mylan Inc. is subject to personal jurisdiction in West Virginia because, among other things, Mylan Inc., itself and through its wholly-owned subsidiary Mylan Pharmaceuticals Inc., has purposefully availed itself of the benefits and protections of West Virginia's laws such that it should reasonably anticipate being haled into court here. Upon information and belief,

4

Mylan Inc., itself and through its subsidiary Mylan Pharmaceuticals Inc., develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of West Virginia and therefore transacts business within the State of West Virginia, and/or has engaged in systematic and continuous business contacts within the State of West Virginia. In addition, Mylan Inc. is subject to personal jurisdiction in West Virginia because, upon information and belief, it controls and dominates Mylan Pharmaceuticals Inc. and therefore the activities of Mylan Pharmaceuticals Inc. in this jurisdiction are attributed to Mylan Inc.

15.     Upon information and belief, if Mylan's ANDA is approved, Mylan will directly or indirectly manufacture, market, sell, and/or distribute Mylan's ANDA Product within the United States, including in West Virginia, consistently with Mylan's practices for the marketing and distribution of other generic pharmaceutical products. Upon information and belief, Mylan regularly does business in West Virginia, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in West Virginia. Upon information and belief, Mylan's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in West Virginia. Upon information and belief, Mylan's ANDA Product will be prescribed by physicians practicing in West Virginia, dispensed by pharmacies located within West Virginia, and used by patients in West Virginia. Each of these activities would have a substantial effect within West Virginia and would constitute infringement of Pfizer's patents in the event that Mylan's ANDA Product is approved before the patents expire.

16.     Upon information and belief, Mylan derives substantial revenue from generic

pharmaceutical products that are used and/or consumed within West Virginia, and which are manufactured by Mylan and/or for which Mylan Pharmaceuticals Inc. or Mylan Inc. is the named applicant on approved ANDAs. Upon information and belief, various products for which Mylan Pharmaceuticals Inc. or Mylan Inc. is the named applicant on approved ANDAs are available at retail pharmacies in West Virginia.

### COUNT I - INFRINGEMENT OF THE '612 PATENT

17.     Pfizer incorporates each of the preceding paragraphs 1–16 as if fully set forth herein.

18.     The inventors named on the '612 patent are Mark Barvian, Richard J. Booth, John Quin, III, Joseph T. Repine, Derek J. Sheehan, Peter L. Toogood, Scott N. Vanderwel, and Hairong Zhou.

19.     The '612 patent, entitled "2-(Pyridin-2-ylamino)-pyrido[2,3-d]pyrimidin-7-ones" (attached as Exhibit A), was duly and legally issued on August 30, 2005.

20.     Pfizer is the owner and assignee of the '612 patent.

21.     Claim 1 of the '612 patent recites "[a] compound which is 6-Acetyl-8-cyclopentyl-5-methyl-2-(5-piperazin-1-yl-pyridin-2-ylamino)-8H-pyrido[2,3-d]pyrimidin-7-one."

22.     Claim 2 of the '612 patent recites "A pharmaceutical composition comprising a therapeutically effective amount of the compound according to claim 1 and a pharmaceutical carrier therefor."

23.     IBRANCE® is covered by claims 1 and 2 of the '612 patent, and the '612 patent has been listed in connection with IBRANCE® in the FDA's Orange Book.

24.     In Mylan's Notice Letter, Mylan notified Pfizer of the submission of Mylan's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Mylan's ANDA Product prior to the expiration of the '612 patent.

25.     In Mylan's Notice Letter, Mylan also notified Pfizer that, as part of its ANDA, Mylan had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '612 patent. On information and belief, Mylan submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '612 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product.

26.     Mylan's ANDA Product and the use of Mylan's ANDA Product are covered by claims 1 and 2 of the '612 patent.

27.     In Mylan's Notice Letter, Mylan did not contest the infringement of claim 1 or 2 of the '612 patent on any basis other than the alleged invalidity of those claims.

28.     Mylan's submission of Mylan's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product before the expiration of the '612 patent was an act of infringement of the '612 patent under 35 U.S.C. § 271(e)(2)(A).

29.     On information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product immediately

7

and imminently upon approval of its ANDA.

30.     The manufacture, use, sale, offer for sale, or importation of Mylan's ANDA Product would infringe claims 1 and 2 of the '612 patent.

31.     On information and belief, the manufacture, use, sale, offer for sale, or importation of Mylan's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe claims 1 and 2 of the '612 patent.

32.     On information and belief, Mylan plans and intends to, and will, actively induce infringement of the '612 patent when Mylan's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Mylan's activities will be done with knowledge of the '612 patent and specific intent to infringe that patent.

33.     On information and belief, Mylan knows that Mylan's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '612 patent, that Mylan's ANDA Product is not a staple article or commodity of commerce, and that Mylan's ANDA Product and its proposed labeling are not suitable for substantial non-infringing use. On information and belief, Mylan plans and intends to, and will, contribute to infringement of the '612 patent immediately and imminently upon approval of Mylan's ANDA.

34.     Notwithstanding Mylan's knowledge of the claims of the '612 patent, Mylan has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Mylan's ANDA Product with its product labeling following FDA approval of Mylan's ANDA prior to the expiration of the '612 patent.

35.     The foregoing actions by Mylan constitute and/or will constitute infringement of

the '612 patent; active inducement of infringement of the '612 patent; and contribution to the infringement by others of the '612 patent.

36.     On information and belief, Mylan has acted with full knowledge of the '612 patent and without a reasonable basis for believing that it would not be liable for infringement of the '612 patent; active inducement of infringement of the '612 patent; and/or contribution to the infringement by others of the '612 patent.

37.     Pfizer will be substantially and irreparably damaged by infringement of the '612 patent.

38.     Unless Mylan is enjoined from infringing the '612 patent, actively inducing infringement of the '612 patent, and contributing to the infringement by others of the '612 patent, Pfizer will suffer irreparable injury.  Pfizer has no adequate remedy at law.

### COUNT II - DECLARATORY JUDGMENT
### OF INFRINGEMENT OF THE '612 PATENT

39.     Pfizer incorporates each of the preceding paragraphs 1–38 as if fully set forth herein.

40.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Pfizer on the one hand and Mylan on the other regarding Mylan's infringement, active inducement of infringement, and contribution to the infringement by others of the '612 patent, and/or validity of the '612 patent.

41.     Claim 1 of the '612 patent recites "[a] compound which is 6-Acetyl-8-cyclopentyl-5-methyl-2-(5-piperazin-1-yl-pyridin-2-ylamino)-8H-pyrido[2,3-d]pyrimidin-7-one."

9

42.     Claim 2 of the '612 patent recites "A pharmaceutical composition comprising a therapeutically effective amount of the compound according to claim 1 and a pharmaceutical carrier therefor."

43.     In Mylan's Notice Letter, Mylan notified Pfizer of the submission of Mylan's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Mylan's ANDA Product prior to the expiration of the '612 patent.

44.     In Mylan's Notice Letter, Mylan also notified Pfizer that, as part of its ANDA, Mylan had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '612 patent.  On information and belief, Mylan submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '612 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product.

45.     Mylan's ANDA Product and the use of Mylan's ANDA Product are covered by claims 1 and 2 of the '612 patent.

46.     In Mylan's Notice Letter, Mylan did not contest the infringement of claim 1 or 2 of the '612 patent on any basis other than the alleged invalidity of those claims.

47.     On information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product immediately and imminently upon approval of its ANDA.

48.     The manufacture, use, sale, offer for sale, or importation of Mylan's ANDA Product would infringe claims 1 and 2 of the '612 patent.

49.     On information and belief, the manufacture, use, sale, offer for sale, or importation of Mylan's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe claims 1 and 2 of the '612 patent.

50.     On information and belief, Mylan plans and intends to, and will, actively induce infringement of the '612 patent when Mylan's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Mylan's activities will be done with knowledge of the '612 patent and specific intent to infringe that patent.

51.     On information and belief, Mylan knows that Mylan's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '612 patent, that Mylan's ANDA Product is not a staple article or commodity of commerce, and that Mylan's ANDA Product and its proposed labeling are not suitable for substantial non-infringing use. On information and belief, Mylan plans and intends to, and will, contribute to infringement of the '612 patent immediately and imminently upon approval of Mylan's ANDA.

52.     Notwithstanding Mylan's knowledge of the claims of the '612 patent, Mylan has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Mylan's ANDA Product with its product labeling following FDA approval of Mylan's ANDA prior to the expiration of the '612 patent.

53.     The foregoing actions by Mylan constitute and/or will constitute infringement of the '612 patent; active inducement of infringement of the '612 patent; and contribution to the

infringement by others of the '612 patent.

54.     On information and belief, Mylan has acted with full knowledge of the '612 patent and without a reasonable basis for believing that it would not be liable for infringement of the '612 patent; active inducement of infringement of the '612 patent; and/or contribution to the infringement by others of the '612 patent.

55.     Pfizer will be substantially and irreparably damaged by infringement of the '612 patent.

56.     The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Mylan's ANDA Product with its proposed labeling, or any other Mylan drug product that is covered by or whose use is covered by the '612 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '612 patent, and that the claims of the '612 patent are not invalid.

<u>**COUNT III - INFRINGEMENT OF THE '489 PATENT**</u>

57.     Pfizer incorporates each of the preceding paragraphs 1–56 as if fully set forth herein.

58.     The inventors named on the '489 patent are Mark Barvian, Richard J. Booth, John Quin, III, Joseph T. Repine, Derek J. Sheehan, Peter L. Toogood, Scott N. Vanderwel, and Hairong Zhou.

59.     The '489 patent, entitled "2-(pyridin-2-ylamino)-pyrido [2,3-d]pyrimidin-7-ones" (attached as Exhibit B), was duly and legally issued on April 24, 2007.

60.     Pfizer is the owner and assignee of the '489 patent.

61.     The '489 patent claims, *inter alia*, a compound of the formula recited in claim 1 of the '489 patent.

62.     IBRANCE® is covered by one or more claims of the '489 patent, including claim 1–7 and 9 of the '489 patent, and the '489 patent has been listed in connection with IBRANCE® in the FDA's Orange Book.

63.     In Mylan's Notice Letter, Mylan notified Pfizer of the submission of Mylan's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Mylan's ANDA Product prior to the expiration of the '489 patent.

64.     In Mylan's Notice Letter, Mylan also notified Pfizer that, as part of its ANDA, Mylan had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '489 patent. On information and belief, Mylan submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '489 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product.

65.     Mylan's ANDA Product and the use of Mylan's ANDA Product are covered by at least claims 1–7 and 9 of the '489 patent.

66.     In Mylan's Notice Letter, Mylan did not contest the infringement of claim 1–7 and 9 of the '489 patent on any basis other than the alleged invalidity of those claims.

67.     Mylan's submission of Mylan's ANDA for the purpose of obtaining approval to

engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product before the expiration of the '489 patent was an act of infringement of the '489 patent under 35 U.S.C. § 271(e)(2)(A).

68.    On information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product immediately and imminently upon approval of its ANDA.

69.    The manufacture, use, sale, offer for sale, or importation of Mylan's ANDA Product would infringe one or more claims of the '489 patent, including, *inter alia*, claims 1–7 and 9 of the '489 patent.

70.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Mylan's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '489 patent, including, *inter alia*, claims 1–7 and 9 of the '489 patent.

71.    On information and belief, Mylan plans and intends to, and will, actively induce infringement of the '489 patent when Mylan's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Mylan's activities will be done with knowledge of the '489 patent and specific intent to infringe that patent.

72.    On information and belief, Mylan knows that Mylan's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '489 patent, that Mylan's ANDA Product is not a staple article or commodity of commerce, and that Mylan's ANDA Product and its proposed labeling are not suitable for substantial non-infringing use. On

14

information and belief, Mylan plans and intends to, and will, contribute to infringement of the '489 patent immediately and imminently upon approval of Mylan's ANDA.

73.    Notwithstanding Mylan's knowledge of the claims of the '489 patent, Mylan has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Mylan's ANDA Product with its product labeling following FDA approval of Mylan's ANDA prior to the expiration of the '489 patent.

74.    The foregoing actions by Mylan constitute and/or will constitute infringement of the '489 patent; active inducement of infringement of the '489 patent; and contribution to the infringement by others of the '489 patent.

75.    On information and belief, Mylan has acted with full knowledge of the '489 patent and without a reasonable basis for believing that it would not be liable for infringement of the '489 patent; active inducement of infringement of the '489 patent; and/or contribution to the infringement by others of the '489 patent.

76.    Pfizer will be substantially and irreparably damaged by infringement of the '489 patent.

77.    Unless Mylan is enjoined from infringing the '489 patent, actively inducing infringement of the '489 patent, and contributing to the infringement by others of the '489 patent, Pfizer will suffer irreparable injury.  Pfizer has no adequate remedy at law.

### COUNT IV - DECLARATORY JUDGMENT
### OF INFRINGEMENT OF THE '489 PATENT

78.    Pfizer incorporates each of the preceding paragraphs 1–77 as if fully set forth herein.

15

79.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Pfizer on the one hand and Mylan on the other regarding Mylan's infringement, active inducement of infringement, and contribution to the infringement by others of the '489 patent, and/or validity of the '489 patent.

80.     The '489 patent claims, *inter alia*, a compound of the formula recited in claim 1 of the '489 patent.

81.     In Mylan's Notice Letter, Mylan notified Pfizer of the submission of Mylan's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Mylan's ANDA Product prior to the expiration of the '489 patent.

82.     In Mylan's Notice Letter, Mylan also notified Pfizer that, as part of its ANDA, Mylan had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '489 patent.  On information and belief, Mylan submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '489 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product.

83.     Mylan's ANDA Product and the use of Mylan's ANDA Product are covered by at least claims 1–7 and 9 of the '489 patent.

84.     In Mylan's Notice Letter, Mylan did not contest the infringement of claim 1–7 and

16

9 of the '489 patent on any basis other than the alleged invalidity of those claims.

85.     Mylan's submission of Mylan's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product before the expiration of the '489 patent was an act of infringement of the '489 patent under 35 U.S.C. § 271(e)(2)(A).

86.     On information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product immediately and imminently upon approval of its ANDA.

87.     The manufacture, use, sale, offer for sale, or importation of Mylan's ANDA Product would infringe one or more claims of the '489 patent, including, *inter alia*, claims 1–7 and 9 of the '489 patent.

88.     On information and belief, the manufacture, use, sale, offer for sale, or importation of Mylan's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '489 patent, including, *inter alia*, claims 1–7 and 9 of the '489 patent.

89.     On information and belief, Mylan plans and intends to, and will, actively induce infringement of the '489 patent when Mylan's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Mylan's activities will be done with knowledge of the '489 patent and specific intent to infringe that patent.

90.     On information and belief, Mylan knows that Mylan's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '489 patent, that

17

Mylan's ANDA Product is not a staple article or commodity of commerce, and that Mylan's ANDA Product and its proposed labeling are not suitable for substantial non-infringing use. On information and belief, Mylan plans and intends to, and will, contribute to infringement of the '489 patent immediately and imminently upon approval of Mylan's ANDA.

91.    Notwithstanding Mylan's knowledge of the claims of the '489 patent, Mylan has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Mylan's ANDA Product with its product labeling following FDA approval of Mylan's ANDA prior to the expiration of the '489 patent.

92.    The foregoing actions by Mylan constitute and/or will constitute infringement of the '489 patent; active inducement of infringement of the '489 patent; and contribution to the infringement by others of the '489 patent.

93.    On information and belief, Mylan has acted with full knowledge of the '489 patent and without a reasonable basis for believing that it would not be liable for infringement of the '489 patent; active inducement of infringement of the '489 patent; and/or contribution to the infringement by others of the '489 patent.

94.    Pfizer will be substantially and irreparably damaged by infringement of the '489 patent.

95.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Mylan's ANDA Product with its proposed labeling, or any other Mylan drug product that is covered by or whose use is covered by the '489 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '489 patent, and that the

claims of the '489 patent are not invalid.

## COUNT V - INFRINGEMENT OF THE '168 PATENT

96.    Pfizer incorporates each of the preceding paragraphs 1–95 as if fully set forth herein.

97.    The inventors named on the '168 patent are Mark Barvian, Richard J. Booth, John Quin, III, Joseph T. Repine, Derek J. Sheehan, Peter L. Toogood, Scott N. Vanderwel, and Hairong Zhou.

98.    The '168 patent, entitled "2-(pyridin-2-ylamino)-pyrido [2,3-d]pyrimidin-7-ones" (attached as Exhibit C), was duly and legally issued on November 25, 2008.

99.    Pfizer is the owner and assignee of the '168 patent.

100.    The '168 patent claims, *inter alia*, "[a] method of treating breast cancer in a mammal comprising administering to said mammal an amount of a compound of" the formula recited in claim 1 of the '168 patent.

101.    IBRANCE®, as well as methods of using IBRANCE®, are covered by one or more claims of the '168 patent, including claim 1 of the '168 patent, and the '168 patent has been listed in connection with IBRANCE® in the FDA's Orange Book.

102.    In Mylan's Notice Letter, Mylan notified Pfizer of the submission of Mylan's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Mylan's ANDA Product prior to the expiration of the '168 patent.

103.    In Mylan's Notice Letter, Mylan also notified Pfizer that, as part of its ANDA,

19

Mylan had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '168 patent. On information and belief, Mylan submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '168 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product.

104.    The use of Mylan's ANDA Product is covered by claims 1–4 of the '168 patent.

105.    Mylan's submission of Mylan's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product before the expiration of the '168 patent was an act of infringement of the '168 patent under 35 U.S.C. § 271(e)(2)(A).

106.    On information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product immediately and imminently upon approval of its ANDA.

107.    The manufacture, use, sale, offer for sale, or importation of Mylan's ANDA Product would directly and/or indirectly infringe claims 1–4 of the '168 patent.

108.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Mylan's ANDA Product in accordance with, and as directed by, its proposed product labeling would directly and/or indirectly infringe claims 1–4 of the '168 patent.

109.    On information and belief, Mylan plans and intends to, and will, actively induce infringement of the '168 patent when Mylan's ANDA is approved, and plans and intends to, and

20

will, do so immediately and imminently upon approval. Mylan's activities will be done with knowledge of the '168 patent and specific intent to infringe that patent.

110. On information and belief, Mylan knows that Mylan's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '168 patent, that Mylan's ANDA Product is not a staple article or commodity of commerce, and that Mylan's ANDA Product and its proposed labeling are not suitable for substantial non-infringing use. On information and belief, Mylan plans and intends to, and will, contribute to infringement of the '168 patent immediately and imminently upon approval of Mylan's ANDA.

111. Notwithstanding Mylan's knowledge of the claims of the '168 patent, Mylan has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Mylan's ANDA Product with its product labeling following FDA approval of Mylan's ANDA prior to the expiration of the '168 patent.

112. The foregoing actions by Mylan constitute and/or will constitute infringement of the '168 patent; active inducement of infringement of the '168 patent; and contribution to the infringement by others of the '168 patent.

113. On information and belief, Mylan has acted with full knowledge of the '168 patent and without a reasonable basis for believing that it would not be liable for infringement of the '168 patent; active inducement of infringement of the '168 patent; and/or contribution to the infringement by others of the '168 patent.

114. Pfizer will be substantially and irreparably damaged by infringement of the '168 patent.

21

115.    Unless Mylan is enjoined from infringing the '168 patent, actively inducing infringement of the '168 patent, and contributing to the infringement by others of the '168 patent, Pfizer will suffer irreparable injury. Pfizer has no adequate remedy at law.

## COUNT VI - DECLARATORY JUDGMENT
## OF INFRINGEMENT OF THE '168 PATENT

116.    Pfizer incorporates each of the preceding paragraphs 1–115 as if fully set forth herein.

117.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Pfizer on the one hand and Mylan on the other regarding Mylan's infringement, active inducement of infringement, and contribution to the infringement by others of the '168 patent, and/or the validity of the '168 patent.

118.    The '168 patent claims, *inter alia*, "[a] method of treating breast cancer in a mammal comprising administering to said mammal an amount of a compound of" the formula recited in claim 1 of the '168 patent.

119.    In Mylan's Notice Letter, Mylan notified Pfizer of the submission of Mylan's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Mylan's ANDA Product prior to the expiration of the '168 patent.

120.    In Mylan's Notice Letter, Mylan also notified Pfizer that, as part of its ANDA, Mylan had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '168 patent. On information and belief, Mylan

submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '168 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product.

121.   The use of Mylan's ANDA Product is covered by claims 1–4 of the '168 patent.

122.    Mylan's submission of Mylan's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Mylan's ANDA Product before the expiration of the '168 patent was an act of infringement of the '168 patent under 35 U.S.C. § 271(e)(2)(A).

123.   On information and belief, Mylan will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Mylan's ANDA Product immediately and imminently upon approval of its ANDA.

124.   The manufacture, use, sale, offer for sale, or importation of Mylan's ANDA Product would directly and/or indirectly infringe claims 1–4 of the '168 patent.

125.   On information and belief, the manufacture, use, sale, offer for sale, or importation of Mylan's ANDA Product in accordance with, and as directed by, its proposed product labeling would directly and/or indirectly infringe claims 1–4 of the '168 patent.

126.   On information and belief, Mylan plans and intends to, and will, actively induce infringement of the '168 patent when Mylan's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Mylan's activities will be done with knowledge of the '168 patent and specific intent to infringe that patent.

23

127.    On information and belief, Mylan knows that Mylan's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '168 patent, that Mylan's ANDA Product is not a staple article or commodity of commerce, and that Mylan's ANDA Product and its proposed labeling are not suitable for substantial non-infringing use. On information and belief, Mylan plans and intends to, and will, contribute to infringement of the '168 patent immediately and imminently upon approval of Mylan's ANDA.

128.    Notwithstanding Mylan's knowledge of the claims of the '168 patent, Mylan has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Mylan's ANDA Product with its product labeling following FDA approval of Mylan's ANDA prior to the expiration of the '168 patent.

129.    The foregoing actions by Mylan constitute and/or will constitute infringement of the '168 patent; active inducement of infringement of the '168 patent; and contribution to the infringement by others of the '168 patent.

130.    On information and belief, Mylan has acted with full knowledge of the '168 patent and without a reasonable basis for believing that it would not be liable for infringement of the '168 patent; active inducement of infringement of the '168 patent; and/or contribution to the infringement by others of the '168 patent.

131.    Pfizer will be substantially and irreparably damaged by infringement of the '168 patent.

132.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Mylan's ANDA Product with its proposed labeling, or any other Mylan drug

product that is covered by or whose use is covered by the '168 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '168 patent, and that the claims of the '168 patent are not invalid.

### PRAYER FOR RELIEF

WHEREFORE, Pfizer requests the following relief:

(a) A judgment that each of the patents-in-suit has been infringed under 35 U.S.C. § 271(e)(2) by Mylan's submission to the FDA of Mylan's ANDA;

(b) A judgment ordering that the effective date of any FDA approval of commercial manufacture, use, or sale of Mylan's ANDA Product, or any other drug product that infringes or the use of which infringes one or more of the patents-in-suit, be not earlier than the latest of the expiration dates of said patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(c) A preliminary and permanent injunction enjoining Mylan, and all persons acting in concert with Mylan, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Mylan's ANDA Product, or any other drug product covered by or whose use is covered by one or more of the patents-in-suit, prior to the expiration of said patents, inclusive of any extension(s) and additional period(s) of exclusivity;

(d) A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Mylan's ANDA Product, or any other drug product which is covered by or whose use is covered by one-or-more of the patents-in-suit, prior to the expiration of said patents, will infringe, induce the infringement of, and contribute to the infringement by others

25

of, said patents;

       (e)     A declaration that this is an exceptional case and an award of attorneys'

fees pursuant to 35 U.S.C. § 285;

       (f)     Costs and expenses in this action; and

       (g)     Such further and other relief as this Court may deem just and proper.


Dated: April 29, 2019               SCHRADER COMPANION DUFF & LAW, PLLC


                          */s/ James F. Companion*
                          James F. Companion (#790)
                          401 Main Street
                          Wheeling, WV 26003
                          (304) 233-3390
                          *jfc@schraderlaw.com*


OF COUNSEL:
David I. Berl
*dberl@wc.com*
Christopher J. Mandernach
*CMandernach@wc.com*
Michael Xun Liu
*mliu@wc.com*
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000

                          *Attorneys for Plaintiffs*